75674. JOHNSON v. MORRIS et al.
(367 SE2d 841)

BENHAM, Judge.
Mr. and Mrs. Morris applied for medical assistance benefits, but their claims were denied at the local level. After a hearing, the first ruling was reversed, but appellant, Commissioner of the Georgia Department of Medical Assistance, reinstated the ruling that the Morrises were not eligible. On appeal to the superior court, that ruling was reversed, and we granted appellant's application for discretionary review.

As appellees note, the issue of eligibility turns on the question of the existence or not of excess resources. That question, in turn, depends on whether a three-party transaction between the Morrises, a funeral home, and an insurance company involved a pre-need funeral service contract as defined in OCGA § 43-18-92 (6). In that transaction, the Morrises each purchased from the insurer a single premium annuity policy with a death benefit, then executed a document purporting to be an irrevocable assignment of the policy to the funeral

home. In consideration of that assignment, the funeral home agreed to provide burial services for the Morrises.

The parties agree that under federal regulations, pre-need funeral service contracts which are revocable are to be counted as resources of applicants for medical assistance, and that Georgia is listed therein as a state in which all such contracts are made revocable by OCGA § 43-18-101. Appellees, however, do not agree that the contract in this case comes within the statutory definition.

" 'Pre-need funeral service contract' means any contract, other than a contract of insurance, under which, for a specified consideration paid in advance in a lump sum or by installments, a person promises or otherwise obligates himself to furnish funeral services or burial supplies and equipment upon the death of the beneficiary or beneficiaries named or implied in the contract." OCGA § 43-18-92 (6). Appellees first contend that the contract in this case does not come within the statute because no *funds* were paid by the Morrises to the funeral home. We do not read the statute so narrowly.

We are fortunate in this case to be dealing with a statutory scheme which includes a clear indication of the intent of the legislature in enacting it. "This article shall be construed as a limitation upon the manner in which a licensed funeral director . . . is permitted to accept funds in prepayment of funeral services to be performed in the future, to the end that at all times members of the public may have an opportunity to arrange for and pay for funerals for themselves and their families in advance of need while at the same time providing all possible safeguards whereunder such prepaid funds cannot be dissipated, whether intentionally or not, so as to be available for the payment of funeral services so arranged for." OCGA § 43-18-90. Considering the statutory definition of "pre-need funeral service contract," and especially the use of the word "paid" in that definition, in light of the legislature's statement of intent, we conclude that so long as the consideration for a contract which otherwise is within the statute is something of value which is negotiable, and therefore capable of being dissipated, then that consideration brings the contract fully within the statute.

The consideration here was the assignment of insurance policies. Although the assignment provided some protection against dissipation of the consideration by withholding from the assignee the right to surrender the policy to the insurer for its cash value prior to the death of the insured, there is no provision in the assignment limiting the right of the assignee to make a further assignment of the policy. In fact, such a right is expressly granted by the assignment. The assignee, therefore, could assign the policy to another for cash, and dissipate that cash. We hold, therefore, that the assignment of the insurance policies here was such consideration as the legislature

contemplated in its definition of pre-need funeral service contract.

There can be no doubt that the consideration was "paid in advance," since the assignments were made before the funeral home was called upon to perform its half of the bargain. Since the whole consideration was delivered to the funeral home at the time the contract was made, we find it beyond question that the payment of the consideration was a "lump sum" payment.

Appellees also contend that because a policy of insurance is "involved," the contracts between the Morrises and the funeral home do not come within the statute. However, the statute defines a particular type of contract, and excludes insurance policies from that definition; it does not exclude those contracts which are executed as a part of a transaction involving insurance policies. The contracts between the Morrises and the funeral home are not insurance policies, and the parties do not suggest otherwise; they are simple contracts in which one party gives a stated consideration in exchange for the other party's promise to perform a certain service.

In short, we reject the assertion that the contract between the Morrises and the funeral home did not come within the ambit of the statute. It did, and the contract is revocable as a matter of law. OCGA § 43-18-101.

Appellees also make much of the argument that since the assignments of the policies are irrevocable, the money the Morrises paid is beyond their reach and should not be counted as a resource. However, the purchaser of a pre-need funeral service contract is given by statute an absolute right to revoke the contract. When that is done, the funeral home is obliged to return "the entire amount actually paid on such contract. . . ." OCGA § 43-18-101. In the present case, the "amount paid" was the assignments. To refund it, the funeral home need only execute an assignment back to the assignors. Once that was accomplished, the policies could be surrendered in accordance with the provisions therefor in the policies themselves. The money would then be in the hands of the purchasers of the contracts.

In sum, it is apparent from the record of this case that there has been an attempt to circumvent the intent of the legislature in enacting Article 2 of Chapter 43-18 of our Code. See OCGA § 43-18-90. We will not support such efforts. The trial court's holding that the contracts at issue here do not constitute pre-need funeral service contracts within the meaning of OCGA § 43-18-92 (6) was erroneous, as was the concomitant holding that the value of those contracts was not a resource of the Morrises for purposes of eligibility for medical assistance.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 11, 1988 —
REHEARING DENIED MARCH 23, 1988.

Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, Kathryn Allen, Assistant Attorney General, for appellant.

Robert H. Sullivan, J. Thomas Vance, for appllees.

Joseph M. Fever, amicus curiae.